**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Case No. 6:18-mj-02032-DPR-1** |
| **MICHAEL WILLOUGHBY**, | |
| Defendant. | |

**UNITED STATES' MOTION FOR PRETRIAL DETENTION AND FOR A
HEARING PURSUANT TO 18 U.S.C. § 3142(e) and (f)**

Comes now the United States of America, by Timothy A. Garrison, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and hereby moves the Court to detain the defendant pending trial of this matter and to hold a detention hearing pursuant to 18 U.S.C. § 3142(e)(1), (f)(1)(D), and (f)(2)(A).

**SUPPORTING SUGGESTIONS**

1. 18 U.S.C. § 3142(f)(1)(D) provides that a hearing must be held by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person and the community if the attorney for the Government moves for such a hearing and if the case is one that involves any felony if such person has been convicted of two or more offenses that qualify as crimes of violence.

2. Upon motion of the attorney for the Government or by motion of a judicial officer, 18 U.S.C. § 3142(f)(2)(A) also requires a detention hearing in a case that involves a serious risk that the defendant will flee.

3. One or more grounds for pretrial detention and a pretrial detention hearing as set forth by the United States Code exists in the above cause, to wit: this defendant is currently facing a charge of escape from custody, in violation of 18 U.S.C. §§ 751(a) and 4082(a), and he has two prior convictions for a crime of violence (assault in the second degree in 2008 and 2009, respectively). *See* 18 U.S.C. § 3142(f)(1)(D). Further, there is a serious risk that the defendant will flee due to the fact that the defendant escaped from the custody of the Bureau of Prisons while residing at the Alpha House Residential Reentry Center in Springfield, Missouri, where he was serving a sentence for a violation of supervised release, which resulted from his conviction for possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* 18 U.S.C. § 3142(f)(2)(A). Additionally, the defendant's release will present a continued substantial risk to the community.

4. Moreover, the factors outlined in 18 U.S.C. § 3142(g) - the nature and circumstances of the charged offense, the weight of the evidence, the defendant's history and characteristics, and the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release - each demonstrate that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) that will reasonably assure the appearance of the defendant as required and the safety of other persons and the community. This is especially true considering that § 3142(g)(3)(A) considers the person's history relating to crimes of violence, drug or alcohol abuse, and (g)(3)(B) considers whether at the time of the current offense, the person was on other release pending completion of a sentence for a federal offense.

5. The Government is aware of the following evidence, which supports its motion for detention in light of the factors listed above:

    a. Between the years of 1996 and 2010, the defendant received convictions in Missouri and West Virginia for numerous felonies and misdemeanors including, but not

2

Case 6:18-mj-02032-DPR   Document 5   Filed 06/19/18   Page 2 of 6

limited to, stealing, various alcohol offenses, burglary, property damage, distribution and possession of controlled substances, domestic assault, criminal non-support, assault of a police officer, forgery, and most recently possessing a firearm by a convicted felon. Based on the defendant's presentence investigative report in the Western District of Missouri District Court Case Number 10-03051-01-CR-S-DGK, the defendant's criminal history cateogry was "VI" with a raw score of "17." With his most recent conviction, the defendant's raw score would presumably be even higher with the last conviction and committing this offense while still serving his federal sentence.

b.      In 2010, when the defendant received his conviction for possession of a firearm by a felon in the aforementioned case, he ultimately received a 114 month sentence, followed by three years of supervised release.

c.      On May 9, 2018, the defendant was transferred from FCI Greenville, Illinois, to the Alpha House, a Springfield, Missouri, Residential Re-Entry Center. The defendant was not scheduled to be released from the custody of the Alpha House until September 7, 2018.

d.      In relation to the nature and circumstances of the offense charged, the defendant is charged by indictment with escape from custody, in violation of 18 U.S.C. §§ 751(a) and 4082(a).

e.      The defendant is a flight risk because he has already fled from custody in the Bureau of Prisons, fully knowing that he was lawfully confined and unauthorized to leave the facility in which he was residing. This activity is consistent with his past behavior, in that he has a conviction for failing to appear on a felony. The defendant is now facing an additional term of incarceration for his recent flight.

f.      In relation to the weight of the evidence supporting the charges in the instant indictment, the following is presented to the Court:

>   i.      On May 9, 2018, the defendant was transferred from FCI Greenville, Illinois, to the Alpha House, a Springfield, Missouri, Residential Re-Entry Center (RRC). The defendant was not set to be released from the custody of the Alpha House until September 7, 2018.

>   ii.     On May 9, 2018, the defendant signed a behavioral contract with the Alpha House and was provided an Alpha House Rule Book, which described the rules and regulations of the Alpha House RRC. The defendant signed a memorandum that he read and understood the rules and regulations of the Alpha House RRC, including a rule that provided:

> "Escape from a work detail, non-secure institution, or other non-secure confinement, including community confinement, with subsequent voluntary return to Bureau of Prisons custody within four hours"

(Page 19 of the Program Guide for the RRC).

    iii.    On June 4, 2018 the defendant left Alpha House with permission to go to work, however it was later discovered by the Alpha House that his employment had been previously terminated. The defendant was contacted on his cell phone and told to report back to the facility at approximately 4:30 PM. The defendant returned to the facility at approximately 9:00 P.M. or 9:30 P.M the same day.

    iv.    On June 5, 2018 the defendant again left the Alpha House without permission at approximately 7:25 A.M. Case Manager Molly Galen contacted the defendant, via phone, between 9:30 A.M. and 11:00 A.M. and told him to return to the Alpha House. The defendant agreed that he would return to the Alpha House. Ultimately, the defendant failed to return as he was ordered. To date, the defendant has failed to return to the custody of the Alpha House. On this same date, at approximately 11:08 A.M., the defendant was placed on escape status and has since failed to return or report back to the Alpha House.

    v.    On or about June 15, 2018, law enforcement encountered the defendant in Springfield, Missouri. Upon law enforcement identifying themselves to the defendant, the defendant was arrested because of his status as an escaped prisoner from the Alpha House.

6.    The defendant's lengthy criminal history, which includes at least seven felony and twenty misdemeanor convictions, clearly demonstrates his complete disregard for law enforcement and the rule of law. In the instant case, the defendant knowingly and unlawfully walked out of confinement with the Bureau of Prisons, through the Alpha House RRC. Given this criminal activity and his past convictions, he is a flight risk, a danger to the community in general, and he will continue to be a severe risk to the safety of the community should he be allowed out on bond.

7.    18 U.S.C. § 3142(g)(3)(A) specifically mentions as a factor the offender's history relating to drug and alcohol abuse. Additionally, § 3142(g)(3)(B) considers whether at the time of the offense the offender was on any release pending completion of a federal sentence. The fact that

Congress found these factors to be important enough to single out shows its intent to give them more weight in the Court's decision regarding detention. As such, the presence of these factors in the case at hand weighs heavily in favor of detention.

8. Based upon the foregoing, the United States submits that there is clear and convincing evidence that there are no conditions the Court could impose that would reasonably assure the safety of the community if he were released, and a preponderance of the evidence exists that no condition or combination of conditions imposed on the defendant would reasonably assure the defendant's appearance if he were released.

**WHEREFORE**, the United States requests a pretrial detention hearing and that the defendant be detained pending trial.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By  */s/ Patrick Carney*
Patrick Carney
Assistant United States Attorney
Ks. Bar No. 20254
901 St. Louis Street, Suite #500
Springfield, Missouri 65806
Telephone: (417) 831-4406

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of June 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

                              */s/ Patrick Carney*
                              Patrick Carney
                              Assistant United States Attorney